IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAKE JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1376-M-BN |
| | § | |
| LASALLE SOUTHWEST | § | |
| CORRECTIONS AND JOHNSON | § | |
| COUNTY, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jake Jenkins, now represented by counsel, moves for post-judgment relief under Federal Rule of Civil Procedure 60(b). *See* Dkt. Nos. 44 & 45. Chief Judge Barbara M. G. Lynn referred the Rule 60(b) motion to the undersigned United State magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 46. Defendants LaSalle Southwest Corrections ("LaSalle") and Johnson County responded to the motion. *See* Dkt. Nos. 52 & 53. Jenkins replied. *See* Dkt. Nos. 56 & 57. Defendants then moved for leave to file a sur-reply. *See* Dkt. No. 58. And Jenkins responded to the motion for leave. *See* Dkt. No. 59.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny both the motion for leave to file a sur-reply and the Rule 60(b) motion.

### Applicable Background

Jenkins, then proceeding *pro se*, filed this action alleging that the medical care

he received while detained pretrial in Johnson County at a facility operated by LaSalle was constitutionally deficient. As the Court explained in ruling on Defendants' motion to dismiss and, alternatively, for summary judgment, Jenkins was then

> in the custody of the Texas Department of Criminal Justice ("TDCJ") under a June 2017 delivery-of-a-controlled-substance conviction in Johnson County. *See State v. Jenkins*, No. F50576 (18th Dist. Ct., Johnson Cty., Tex.). Through this civil rights action, he alleges deliberate indifference, citing the Eighth Amendment, based on the lack of medical care that he received as to his right eye while detained pretrial. *See* Dkt. No. 7 (verified responses to the screening questionnaire). He alleges that he received four examinations, from November 2016 through March 2017, and was twice recommended for eye surgery, but, on March 30, 2017, was "told that it's been [too] long, and [that he] wouldn't benefit from any surgery." *Id.* at 2, 4; *see also id.* at 5 ("Therefore, my minor eye issue became a major problem. If I were able to receive proper care following the eye evaluations, I would not be completely blind in my right eye.").

*Jenkins v. LaSalle Sw. Corrs.*, No. 3:17-cv-1376-M-BN, 2018 WL 3748196, at *1 (N.D. Tex. July 11, 2018), *rec. accepted*, 2018 WL 3743945 (N.D. Tex. Aug. 7, 2018).

The Court denied Defendants' motion for summary judgment on their affirmative defense that Jenkins failed to exhaust administrative remedies under the Prison Litigation Reform Act but granted their motion to dismiss, and, because Jenkins had pled his best case, by amending his complaint through verified responses to the Court's screening questionnaire, the Court dismissed this action with prejudice. *See generally id.* As to Jenkins's deliberate indifference claim, the Court observed that there

> is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Through the procedural and substantive due process guarantees of the Fourteenth Amendment, then, "the deliberate indifference standard articulated ... in *Farmer v.*

-2-

*Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare*, 74 F.3d at 643).

To allege a constitutional violation under this standard – as it applies given the facts alleged here – Plaintiff must contend that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). Delays in providing medical care do not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). And an incorrect diagnosis, a disagreement with medical treatment, or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish a deliberate-indifference violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

But, even if the facts Plaintiff has stated plausibly allege a claim that meets the deliberate-indifference standard, this claim fails as against the defendants Plaintiff has sued – a municipality and a private-prison corporation that should be considered a municipality for present purposes.

It is clearly established that "[a] municipality" – like Johnson County – "and/or its policymakers may be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted).

And, although LaSalle "is a private corporation, [it] may be sued under 42 U.S.C. § 1983 for alleged constitutional injury, because the operation of a prison is a fundamental government function." *Olivas v. Corrs. Corp. of Am.*, 408 F. Supp. 2d 251, 254 (N.D. Tex. 2006) (citing *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) ("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury.")), *aff'd*, 215 F. App'x 332 (5th Cir. 2007) (per curiam). "The standards applicable to determining liability under § 1983 against a

municipal corporation are applicable to determining the liability of a private corporation performing a government function." *Id.* at 254-55 (citing *Eldridge v. CCA Dawson State Jail*, No.3:04-CV-1312-M, 2004 WL 1873035, at *2 (N.D. Tex. Aug. 19, 2004), *rec. accepted*, 2004 WL 2075423 (N.D. Tex. Sept. 16, 2004)); *see also Olivas*, 215 F. App'x at 333 ("Contrary to Olivas's argument, CCA may not be held liable on a theory of respondeat superior." (citing *Monell*, 436 U.S. at 691)); *J.M. v. Mgmt. & Training Corp.*, No. 3:15CV841-HSO-JCG, 2017 WL 3906774, at *7 (S.D. Miss. Sept. 5, 2017) ("The parties do not dispute that MTC, even though it is a private prison-management company, is treated as a municipality for purposes of Plaintiff's § 1983 claims." (citations omitted)).

To assert liability under *Monell*, Plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also id.* ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" (quoting *Piotrowski*, 237 F.3d at 578)).

And, because Plaintiff fails to allege that his rights were violated under an official policy of either LaSalle or Johnson County, he has not alleged a plausible claim against the defendants or their policymakers.

The Court's screening question notified him of this pleading requirement. *See* Dkt. No. 6, Question No. 4 ("You have named Johnson County as a defendant. To establish the liability of a municipal entity, you must prove that action under official municipal policy caused your injury. Please state what official policy or custom you allege, if any, harmed you."). And Plaintiff responded that he was harmed when he "tried to seek medical attention," leading "to multiple evaluations, without any care administered." Dkt. No. 7 at 5.

While *Monell*'s "'official policy' requirement may be met in at least three different ways," *Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999), and "establishing a municipal policy is usually done via 'written policy statements, ordinances, or regulations,' this circuit also views municipality customs – 'widespread practice that is so common and well-settled' – as municipal policy," *Skyy v. City of Arlington*, 712 F. App'x 396, 399-400 (5th Cir. 2017) (per curiam) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); citing *Gates v. Tex. Dep't of Prot. & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008) ("A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy.")).

> But all Plaintiff has claimed as violations of "official policy" are alleged constitutional violations isolated to him. "'Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability.' [And a] customary municipal policy cannot ordinarily be inferred from single constitutional violations." *Piotrowski*, 237 F.3d at 581 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); citation omitted). Accordingly, Defendants' motion to dismiss should be granted.
>
> "Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint[ – such as the facts, as alleged, are conclusory. And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).
>
> Because the Court's questionnaire apprised Plaintiff of the insufficiency of his claims against LaSalle and Johnson County, he has pleaded his best case, and this action should be dismissed with prejudice.

*Id.* at *6-*8.

Just shy of one year from the date the Court entered judgment, Jenkins filed his counseled motion for relief from judgment, requesting relief under Rule 60(b)(1) or, alternatively, Rule 60(b)(2) or, alternatively, Rule 60(b)(6).

## Legal Standards and Analysis

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been

>satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.*

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan.1981)). But "it goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Jenkins] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a

judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)). And, because "denial of a 60(b)(6) motion is reviewed only for abuse of discretion," "'[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion.'" *Travelers*, 38 F.3d at 1408 (quoting *Seven Elves*, 635 F.2d at 402; footnote and citation omitted).

Such motions "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

And, here, even if the Court accepts that Jenkins filed his motion within a reasonable time, he nevertheless fails to establish the remaining requirements for relief under either Rule 60(b)(1), Rule 60(b)(2), or Rule 60(b)(6).

I. Rule 60(b)(1)

Jenkins primarily focuses on Rule 60(b)(1)'s excusable neglect language, in essence asserting that his then status as a prisoner litigating his claims *pro se* and the disadvantages inherent in that posture is sufficient to grant relief under Rule 60(b)(1). *See, e.g.,* Dkt. No. 44 at 8-9 ("Although Plaintiff does not challenge the correctness of any of the information supplied by the Magistrate Judge in the course of dealing with a *pro se* prisoner's complaint, the simple truth is that he lacked the comprehension and understanding of the full weight of the requirement that a plaintiff asserting a claim under 42 U.S.C. §1983 had to make sufficient allegations establishing 'deliberate indifference' toward him to allege a proper cause of action. ... Jenkins respectfully

submits that at all times he acted with full intent to satisfy the legal requirements imposed by this Court and the Magistrate Judge, but must admit that he was unable, given the limitations under which he was operating, to set forth in detail a pleading establishing an institutional pattern and practice of deliberate indifference of LaSalle to the medical needs of its inmates.").

But "pro se status and ignorance of the law are insufficient to establish mistake, inadvertence, or excusable neglect" under Rule 60(b)(1). *United States v. Adams*, No. 3:12-cr-427-L (01), 2015 WL 11144108, at *1 n.1 (N.D. Tex. June 3, 2015). Instead, a litigant

> has the burden of establishing mistake or excusable neglect regardless of whether she is proceeding pro se. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (concluding that a pro se "litigant acquiesces in and subjects [herself] to the established rules of practice and procedure. The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se."). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor*, 769 F.2d at 286. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010).

*Id.* at *1 (citation modified); *see also Vafaiyan*, 398 F. App'x at 990 (rejecting as grounds for relief under Rule 60(b)(1) that the prisoner "was proceeding pro se, had difficulty with the English language, lacked access to a law library due to being moved to several units and placement in administrative segregation, a mail delay, lack of

writing materials, and health problems"); *Sanders v. Dep't of Health & Human Servs.*, 508 F. App'x 311, 312 (5th Cir. 2013) (per curiam) ("'Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.' Sanders argued, in essence, that her former status as a *pro se* litigant resulted in errors that entitle her to relief. The district court disagreed, as do we." (footnote omitted)).

II. Rule 60(b)(2)

> Under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir.2003) (citation omitted). A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result. *Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974).

*Hesling*, 396 F.3d at 639-40.

Jenkins's newly discovered evidence are his own medical records that his counsel obtained from LaSalle. *See, e.g.,* Dkt. No. 44 at 12-13. But the timeline established by these documents as set out in the motion, which Jenkins characterizes as "chilling" and "indisputabl[y] exhibiting total indifference to [Jenkins's] medical needs," Dkt. No. 44 at 12, is consistent with the allegations in Jenkins's amended complaint. Most notably, Jenkins fails to argue how his individual medical records alone could be used to allege an official policy of Johnson County or LaSalle, such that either defendant could be liable under *Monell* – the basis for the Court's dismissal of the municipal liability claims Jenkins asserted against these defendants based on alleged deliberate

indifference. *See Piotrowski*, 237 F.3d at 581 ("'Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability.' [And a] customary municipal policy cannot ordinarily be inferred from single constitutional violations." (citation omitted)). Thus, the presence of this evidence "clearly would [not] have produced a different result if present before the original judgment." *Goldstein*, 340 F.3d at 257.

Jenkins also has not explained how his own medical records, which existed at the time he filed his complaint – indeed, his allegations are based on these records – now qualify as newly discovered evidence. It is firmly established in this circuit that, to qualify as evidence under Rule 60(b)(2), the evidence must be "discovered following the trial." *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273 (1976).

> A motion for a new trial under Fed. R. Civ. P. 60(b)(2) is an extraordinary motion, and the requirements of the rule must be strictly met. *Strauss v. United States*, 337 F.2d 853 (1964). The motion may not be granted unless (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result. *Ledet v. United States*, 297 F.2d 737, 739 (5th Cir. 1962).

*Id.*; *see, e.g., Green v. MOBIS Ala., LLC*, 613 F. App'x 788, 797 (11 th Cir. 2015) (per curiam) ("The alleged 'newly discovered evidence' consists of her father's medical records to which Green had access throughout the course of the litigation. Green discovered these files when a legal assistant for plaintiff's counsel examined the files at the office of one of the doctors from which Green had provided appointment notes.

But the potential relevance of such notes was clear from the outset. We hold that the district court did not abuse its discretion in determining that Green failed to exercise due diligence to discover such evidence." (citing Eleventh Circuit authority based on controlling Fifth Circuit authority)).

III. Rule 60(b)(6)

Jenkins finally asserts that, "based upon the overall cumulative facts as set forth" in his motion – the same facts that support relief under Rule 60(b)(1) and Rule 60(b)(2) – the Court should grant relief under Rule 60(b)(6) because, to not do so, would be unjust. Dkt. No. 44 at 14; *see also id.* at 14-17.

While "Rule 60(b) vests wide discretion in courts, ... relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)); *see also Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) ("Relief under Rule 60(b)(6) – the catch-all provision of 60(b) ... – is appropriate only in 'extraordinary circumstances.'" (citing *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any ... reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule. Relief under this section, however, is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'" (footnotes omitted)))).

> "[I]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 137

> S. Ct. at 778; *see also Edward H. Bohlin Co.*, 6 F.3d at 357 ("As for a motion under clause (6), the movant must show the initial judgment to have been manifestly unjust." (internal quotations and citation omitted)).

*Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *3 (N.D. Tex. Jan. 3, 2018) (citation modified).

Jenkins's argument that now, with the assistance of counsel, he is able to present his claims in a more compelling manner (as shown by a proposed amended complaint) does not exhibit an extraordinary situation that warrants relief under Rule 60(b)(6). In fact, his grounds for relief under Rule 60(b)(6) mirror those asserted under Rule 60(b)(1) – that, now with the assistance of counsel, he can better present his case to the Court. In this regard, the Fifth Circuit

> has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5). *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971). The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b). *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

*Hesling*, 396 F.3d at 643; *accord Garibaldi*, 397 F.3d at 337.

## Recommendation

The Court should deny Plaintiff Jake Jenkins's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b) [Dkt. Nos. 44] and deny Defendants LaSalle Southwest Corrections and Johnson County's motion for leave to file a sur-reply [Dkt. No. 58].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE